Leibensperger, Edward P., J.
INTRODUCTION
Plaintiff Joseph Boike brings this declaratory judgment action seeking to recover lost wages under G.L.c. 30, §59 (the “Perry Law”). Defendants move to dismiss Boike’s action, arguing that he is not entitled to recover under §59 because he was not “under indictment for misconduct” during the period of his suspension without pay. Alternatively, defendants maintain that Boike’s claim is barred by the statute of limitations.[2] For the following reasons, defendants’ motion is ALLOWED.
BACKGROUND
Boike is a Sergeant with the Department of State Police. He resides in Middlesex County, Massachusetts. Defendant Marian McGovern is a Colonel, the highest ranking officer, for the Department of State Police. The Department of State Police is a state agency within the Executive Office of Public Safety.
On or around June 30 to July 1, 2007, Boike was involved in an altercation while he was off duty. He was charged with assault and battery with a dangerous weapon, a felony, and other misdemeanors due to this incident. The Department suspended Boike without pay on August 27, 2007, as a result of the criminal charges pending against him. On January 7, 2008, the Department allowed Boike to return to work but placed Boike on restricted duty. Around this time, the felony charge against him was dismissed. On August 7, 2008, Boike was acquitted of all the remaining charges. At that time, Boike requested that the Department reimburse him for wages he lost while he was suspended without pay from August 24, 2007 until January 7, 2008. The Department refused Boike’s request. Boike now seeks a declaration that he is entitled to lost wages between August 24, 2007 and January 7, 2008 under G.L.c. 30, §59. No other ground for relief is asserted.
DISCUSSION
To survive a motion to dismiss, plaintiffs “(flactual allegations must be enough to raise a right to relief above the speculative level. .. [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). In other words, “[w]hile a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his ‘entiüe[ment] to relief requires more than labels and conclusions . . .” Iannacchino, 451 Mass. at 636, quoting Bell Atl. Corp., 127 S.Ct. at 1966.
General Laws c. 30, §59, permits a state agency to suspend an employee without pay upon providing written notice “during any period such officer or employee is under indictment for misconductin such office or employment” (emphasis added). Such an employee
may then recover lost wages for the period of his/her suspension under the statute, if “criminal proceedings against the person suspended are terminated without a finding or verdict of guiliy on any of the charges on which he was indicted.” Id. (emphasis added). The purpose of the Perry Law is to “remedy the untenable situation which arises when a person who has been indicted for misconduct in office continues to perform his public duties while awaiting trial.” Mass. Bay Transp. Auth. v. Mass. Bay Transp. Auth. Ret. Bd., 397 Mass. 734, 739 (1986). The converse purpose of the Perry Law then is “to ensure that a suspended public employee is fully compensated if no misconduct by him is established.” Brittle v. Boston, 439 Mass. 580, 586 (2003).
At issue in this case is whether the phrase “under indictment for misconduct” can be interpreted to include the criminal charges pending against Boike between August 24, 2007 and January 7, 2008. In particular, Boike was charged by complaint in the District Court with felony assault and battery with a dangerous weapon and related misdemeanors.[3] There is no dispute that Boike was never indicted for this felony charge, that it was dismissed against him, and that Boike was found not guilty of the remaining charges that were the subject of the complaint filed against him in the District Court. Boike now urges the court to construe the operative phrase of the Perry Law to encompass a situation where criminal charges are brought by complaint rather than an indictment. He points out that the felony charge that was the subject of the complaint in District Court could have proceeded by indictment where the District Court has concurrent jurisdiction with the Superior Court. Defendants, on the other hand, contend that the phrase “under indictment for misconduct” must be construed strictly and, as such, can extend the Perry Law’s reimbursement provision only to a suspension following indictment.
“Statutory interpretation is a question of law for the court ...” Weems v. Citigroup, Inc., 453 Mass. 147, 153 (2009) (citations omitted). “[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.” Fleet Nat'l Bank v. Commissioner of Rev., 448 Mass. 441, 448 (2007). Statutory language that is clear and unambiguous reflects the Legislature’s intent. Martha’s Vineyard Land Bank Comm’n v. Board of Assessors of West Tisbury, 62 Mass.App.Ct. 25, 27 (2004).
Following review of the plain language of §59 and relevant case law, the Court determines that the phrase “indictment for misconduct” cannot be read to cover the criminal charges that were pending against *122 Boike as a result of a complaint filed in District Court. The operative language of §59 clearly encompasses only charged conduct that is brought by way of indictment. The term “indictment” is unambiguous and not the equivalent of a complaint. When preceded by the term “under,” the phrase “under indictment” refers to a charge that has been brought before a grand jury that has issued an indictment as opposed to a charge that is capable of being brought before a grand jury at some future time.
Case law interpreting the Perxy Law is consistent with this conclusion. In Brittle, the Supreme Judicial Court interpreted the phrase “criminal proceedings” in G.L.c. 268A, §25, a statute applicable to municipal employees but otherwise identical in language to the Perry Law, expansively to include both state and federal criminal proceedings. 429 Mass. at 585-86. Boike argues that the SJC’s broad interpretation of “criminal proceedings” suggests that other phrases within §59 should be construed liberally to further the Legislature’s intent in compensating public officers not found guilty of criminal conduct. See Brittle, 439 Mass. 586 n. 13 (stating that legislative history reveals that the Legislature has continuously expanded the scope of the Perry Law). Defendants contend that the Brittle decision supports the opposite proposition, that the term “indictment” as stated in §59 is to be construed narrowly. 429 Mass. at 586 n.14 (stating that Legislature limited suspension without pay to situations where an indictment is properly issued after grand jury hears evidence that identifies the defendant and supports probable cause to arrest because many misdemeanors for which indictment is not required do not implicate the sort of misconduct that creates “untenable” situation Legislature seeks to prevent).
The Court agrees that construing “indictment” to include an indictable offense brought by complaint would be enlarging the scope of §59 to include a factual situation that the Legislature did not envision. “It is the function of this court to construe G.L.c. 30, §59, as written, an event or contingency for which no provision has been made does not justify judicial legislation.” Mass. Bay Transp. Auth., 397 Mass. at 741 (citation omitted). That court suggested, in dicta, that under §59 the compensable period of suspension without pay subject to indictment should be construed narrowly and would not encompass the time between a defendant’s arrest and the grand jury’s indictment. Id. at 737 n.5.
Based on this analysis, Boike is not entitled to relief under G.L.c. 30, §59 for lost wages during the period of his suspension without pay. The clear language of §59 does not apply to public employees suspended without pay as a result of charges brought against them by a complaint in District Court, even if these charges were capable of being brought before the grand jury for an indictment. Only the Legislature has the authority to expand the scope of the Perry Law to comport with Boike’s desired interpretation.
ORDER
For the reasons stated above, the defendant’s Motion to Dismiss is ALLOWED.

 The court does not reach the statute of limitations question based on the analysis below.

 The District Court has concurrent jurisdiction with the Superior Court over the felony offense with which Boike was charged. See G.L.c. 218, §26.